UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARJORY C.,[1]

    **Plaintiff,**

v.                                                                 Action No. 2:20cv525

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    **Defendant.**

## FINAL ORDER

Plaintiff, Marjory C. ("Plaintiff"), brought this action pursuant to 45 U.S.C. § 405(g) seeking review of the decision by the Acting Commissioner of the Social Security Administration ("Defendant") partially denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act.

This matter was referred to a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Report and Recommendation of the Magistrate Judge was filed on October 22, 2021, recommending that Plaintiff's Motion for Summary

---

[1] In accordance with a committee recommendation of the Judicial Conference, Plaintiff's last name has been redacted for privacy reasons. Comm. on Ct. Admin. & Case Mgmt. Jud. Conf. U.S., Privacy Concern Regarding Social Security and Immigration Opinions 3 (2018).

Judgment, ECF No. 19, be denied, and that the Defendant's Motion for Summary Judgment, ECF No. 21, be granted.

By copy of the Report and Recommendation, ECF No. 27, each party was advised of the right to file written objections to the Magistrate Judge's findings and recommendations. On November 5, 2021, Plaintiff filed her objections to the Report and Recommendation, ECF No. 28, and on November 18, 2021, Defendant responded to Plaintiff's objections. ECF No. 30.

A party may file specific, written objections to the Magistrate Judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(3). This Court must review de novo any part of the Report and Recommendation to which a party has properly objected. 28 U.S.C. § 636 (b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in part or in whole, the Magistrate Judge's recommendation. Id.

Plaintiff raises only one specific objection to the Report and Recommendation, which the Court reviews de novo. Plaintiff objects to the Magistrate Judge's statement of law regarding how the Social Security Administration's Appeals Council reviews late-submitted evidence. ECF No. 28, at 8. She "disagrees" with the Magistrate Judge's assertion that "[w]hen a claimant requests Appeals Council review of an ALJ's unfavorable decision in light of additional evidence, the Appeals Council first determines if the submission constitutes new and material evidence that relates

2

to the period on or before the date of the [ALJ's] hearing decision." ECF No. 27, at 24 (internal quotations omitted); ECF No. 28, at 8. Plaintiff, however, does not cite any relevant case law in her objection, nor does she otherwise demonstrate that the Magistrate Judge applied the wrong legal standard. In fact, as Defendant indicates in its brief, the Magistrate Judge simply cites a controlling Fourth Circuit case, which itself quotes language from an applicable social security regulation. ECF No. 27, at 24 (citing Meyer v. Astrue, 662 F.3d 700, 704-05 (4th Cir. 2011) (quoting 10 C.F.R. § 404.970(b))). Plaintiff's direct legal challenge therefore fails.

In support of her objection, Plaintiff appears to separately argue that she submitted to the Social Security Administration evidence of several visits to treating physicians after the ALJ issued an unfavorable disability decision, and such supplemental evidence should have been considered by the Appeals Council. ECF No. 20, at 2; ECF No. 24, at 2. In response, Defendant argues that the supplemental evidence submitted to the Appeals Council should not have been considered because Plaintiff has not shown that the "documents undermined the substantial prior evidence the ALJ relied upon in issuing the disability decision." ECF No. 22, at 17. Consistent with Defendant's opposition arguments, the Court finds that Plaintiff's assertion that her submission of additional documents to the appeals counsel was "timely" does not demonstrate

3

that she is entitled to relief. Importantly, as found by the Magistrate Judge, such submissions: (1) were duplicative of the existing record; (2) were related to medical visits outside of the relevant period, and thus (3) would not have impacted the outcome of the ALJ's decision. ECF No. 27, at 24-30. Accordingly, both portions of Plaintiff's objection are **OVERRULED**.

The remainder of Plaintiff's filing contains no "specific and particularized" objections to the Magistrate Judge's findings. United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (first citing 28 U.S.C. § 636(b)(1); and then citing Fed. R. Civ. P. 72(b)). Instead of providing the Court with detailed objections, Plaintiff mostly restates factual and procedural background, at times offering a version of facts in conflict with the Report & Recommendation.[2] ECF No. 28, at 1-7. Plaintiff's motion "fail[s] to guide the Court towards specific issues needing resolution, instead asking the Court to review the case as a whole." Nichols v. Colvin, 100 F. Supp. 3d 487, 498 (E.D. Va. 2015). These "[g]eneral, non-specific" objections are insufficient to elicit de novo review, Suttles v. Chater, 107 F.3d 867, 1997 WL 76900, at *1 (4th Cir. 1997) (unpublished) (per curiam), as considering these

---

[2] Plaintiff does not specifically object to any factual findings made by the Magistrate Judge, but instead, offers a lengthy narrative restating her own version of the facts. While Plaintiff is not entitled to de novo review due to her failure to offer any specific objection, the Court notes that the facts as stated by the Magistrate Judge come directly from the administrative record and Plaintiff's filing does not call into question the reliability of any of the facts as recounted by the Magistrate Judge.

4

non-specific arguments anew would "negate the entire purpose of magistrate review." Nichols, 100 F. Supp. at 498. Rather, the Court need only review the remainder of the Report and Recommendation to ensure the absence of a "clear error." See Veney v. Astrue, 539 F. Supp. 2d 841, 844-46 (W.D. Va. 2008) (reviewing a report and recommendation for clear error because "[a]llowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless'") (quoting Howard v. Sec. of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (second alteration in original).

Having reviewed the record and finding no clear error in the Report and Recommendation, and having overruled Plaintiff's one specific objection, the Court hereby **ADOPTS** the findings and recommendations set forth in the Report and Recommendation of the United States Magistrate Judge filed on October 22, 2021. The decision of the Acting Commissioner is **AFFIRMED**, Defendant's motion for summary judgment, ECF No. 21, is **GRANTED**, and Plaintiff's motion for summary judgment, ECF No. 19, is **DENIED**. Therefore, Plaintiff's action is **DISMISSED WITH PREJUDICE**.

The parties are **ADVISED** that they may appeal from this Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be

5

received by the Clerk within sixty (60) days from the date of this Final Order.

The Clerk is **REQUESTED** to forward a copy of this Final Order to Plaintiff and counsel of record for the Government.

**IT IS SO ORDERED.**

/s/ _____
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 21, 2022